McKinney, J.
delivered the opinion of the court.
This is an action of assumpsit, brought by the defendants in error, as the acceptors of a bill of exchange, for three hundred dollars, accepted and paid by them for the accommodation of the plaintiffs in error, who were the drawers; to recover the money paid thereon. Plea, non-assumpsit; verdict and judgment for the plaintiffs below.
The declaration avers, that the plaintiffs in error were partners in trade; and on the trial the fact was admitted to be so, and that said bill of exchange was drawn by them as partners.
The bill of exchange was produced upon the trial, and was read as evidence to the jury, without proof of the signature of the firm name thereto; upon which ground the reading of the bill was objected to, by the defendants’ counsel, but the objection was overruled by the court. It was proved by a witness for the plaintiffs below, that in a conversation with Gardner, one of the *751 plaintiffs in error, which was had after the commencement of this suit, and during the pendency of a suit in equity by the creditors of Johnson & Brigham, to reach the fund in the hands of the plaintiffs in error, sued for in the present action, said Gardner admitted, that he owed the money, and did not care to whom it was paid. There is nothing in the record to show, or even to raise a presumption that, at the time of this admission, the relation of partners had ceased to exist between Irby & Gardner; and, therefore, upon a well-established principle, the continuance and existence of such relation will be presumed, in the absence of proof, or presumption to the contrary.
It is argued by the plaintiffs in error, that the bill of exchange was improperly admitted in evidence, at least as against Irby, for want of proof of the hand writing of the drawers; and that as the admission of the debt by Gardner could only operate as against himself, and was inadmissible as against Irby, it follows, the verdict as to the latter, is wholly unsupported by the evidence; and that as the judgment is joint, being erroneous as to one, it must be reversed as to both. We cannot concur with the plaintiffs’ counsel in this reasoning. In an action by an accommodation acceptor against the drawer, to recover money paid upon a bill of exchange, which had been accepted and paid, without its ever having been put in circulation, the plaintiffs’ right to recover is not established by the mere production of the bill and proof of the drawing. The bill in such case, is not the foundation of the action; the gist of the plaintiffs’ right of recovery is the acceptance and payment of the bill by him out of his own funds; and that the drawer had no funds in his hands as it would be presumed he had in law, if not repelled. The *752 bill itself is merely evidence in such cases, and its production, and proof of the drawing, may perhaps be altogether dispensed with, where the plaintiff is prepared to prove the defendants’ admission of the facts essential to make out his right of recovery.
The only question of importance in this case, therefore, is the legal effect to be given to the admission of Gardner.
It seems to be well-settled that, although, in general, the admission of a party to the record is not tobe permitted to affect another party joined with him in the action, unless there is a joint interest between them; yet if there be an identity of interest in respect to the subject matter of the suit, the admission of one party, in relation thereto, is> in general, evidence against all the parties. Such is the rule, not only in regard to copartners, but in general, where several parties to the record have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one is admissible evidence against all; because they stand to each other, in this respect, in a relation similar to that of existing copartners. 1 Greenl. Ev., sec. 174, and authorities there cited.
The argument attempted to be based upon the form o'f the admission of -one of the partners in this case, is wholly untenable. If the admission of a partner refer to an existing indebtedness, or legal, liability of the firm of which he is a member, it cannot be of the slightest importance whether such admission, in terms, purport to be for himself as a member of the firm, or for all the members of the firm. If an indebtedness be established against the firm, it is binding upon all the members thereof — it is obligatory upon all or none — one cannot owe the debt unless all owe it, and if one is liable, ’ all are so. Payment *753 by one would enure to tbe benefit of all; so an extinguishment or release of the debt as to one would operate as such in favor of all; in a word, whatever would constitute a valid defence as to one, would, in general, be an available defence as to all.
Each member of a firm, acting within the scope of the partnership, is the agent and representative of the firm, and his acts and admissions are binding upon all the copartners. We are of opinion, therefore, that the admission of Gardner, in the present case, was, in legal effect, an admission of the indebtedness of the firm, which he was authorized to make; that it was properly admitted as evidence to the jury; and that it is, in itself, sufficient to support the verdict of the jury. Let the judgment be affirmed.